UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RONNIE JOHNSON                                                               PETITIONER

V.                                                    CIVIL ACTION NO. 3:03CV475 DPJ-FKB

DOLAN WALLER AND JIM HOOD                                                   RESPONDENTS

ORDER

This cause is before the Court on Ronnie Johnson's motion to supplement [55].

I.   Facts and Procedural History

Ronnie Johnson was convicted of murder in the Circuit Court of Hinds County, Mississippi and sentenced to life imprisonment. The victim Angela Parker was found in the early morning hours of July 21, 1997 near her home, suffering from multiple stab wounds. After the crime, Parker's family found numerous items of furniture missing from her home. Thereafter, police received an anonymous telephone call informing them that Johnson was in possession of the missing property. A search of Johnson's home revealed several missing items, and Johnson was subsequently arrested.

In his petition for writ of habeas corpus, Johnson set forth the following six grounds for relief, all of which were also raised in his application for post-conviction relief in state court:

(1) That the trial court erred in excusing certain jurors for cause;

(2) That the trial court erred in allowing the state to proceed to trial on the lesser offense of murder, rather than capital murder, in violation of Johnson's rights under the Fifth, Sixth, and Fourteenth Amendments;

(3) That the trial court erred in admitting evidence of another crime;

(4) That the verdict was against the overwhelming weight and sufficiency of the evidence;

(5) That Johnson was deprived of effective assistance of counsel; and

(6) That the cumulative effect of errors at trial deprived Johnson of due process and his right to a fair trial by a fair and impartial jury.

In a Report and Recommendation entered December 10, 2007, the magistrate judge considered each of the six grounds and recommended that habeas relief be denied and the petition dismissed with prejudice. Petitioner filed objections to the Report and Recommendation; Respondent filed a response; and Petitioner filed a rebuttal. On March 31, 2009, the Court entered an order addressing the Report and Recommendation, which focused on ground five, ineffective assistance of counsel, and Johnson's submission of new evidence in support of this claim.

Specific to the claim of ineffective assistance of counsel, Johnson attached three new affidavits to his objections. First, he submitted the affidavit of Connie Martin, who stated that she was at the house with Angela Parker and Johnson on the night of the murder and that Johnson left around 2:45 a.m. She further explained that when she left Parker's home sometime thereafter, she was alive and Parker's ex-husband Daron Parker was pulling in the driveway. Johnson contended that Martin did not come forward earlier because she was "afraid for her life." Objection at 12. Second, Johnson presented the affidavit of John Ware, owner of the Blue Chip Lounge in Jackson, Mississippi. Ware said that he reviewed the security tapes from the morning hours of July 21st, which show that Johnson arrived at 3:00 a.m. and left at 5:09 a.m. Ware averred that he turned the tape over to a detective, "but the video was never used." Third, Johnson pointed to the affidavit of Demetrius Tell. Tell explained that he was with Johnson when Johnson purchased several items of furniture from Daron Parker and another individual on July 24, 1997. Johnson maintained that he received ineffective assistance of counsel because his counsel did not perform an adequate investigation. Specifically, he averred that "[i]f counsel

would have checked the places where Johnson asked him to check, counsel would have found witnesses John Ware, Willie Holmes, Demeterious Tells, [sic] and Connie Martin." Objections at 14.

In their response to Johnson's objections [44], Respondents conceded that the affidavits attached to Johnson's objections in support of his ineffective assistance of counsel claim "were never presented to the state court and present material facts that fundamentally alter his claim." Response at 3. Respondents further stated, "[t]hese affidavits place Johnson's claim in a significantly different posture, as they allege new facts and evidence not considered by the state court." *Id.* Finally, Respondents averred that "this new evidence in the form of affidavits alleging new facts 'threatens the state's right to pass upon and correct alleged violations of its prisoners federal rights.'" *Id.* at 4 (quoting *Smith v. Quarterman*, 515 F.3d 392, 402 (5th Cir. 2008). The Court agreed and held as follows:

> This matter is stayed pending Petitioner's completion of state court proceedings necessary to exhaust his state court remedies with respect to his ineffective assistance of counsel claim. This stay is conditioned upon Petitioner instituting these state court proceedings within sixty (60) days from entry of this order. While the stay is pending, Petitioner's federal habeas corpus petition shall be held in abeyance. Within sixty (60) days from completion of the state court proceedings necessary for exhaustion, Petitioner shall be allowed to re-open this matter under this case number and with benefit of the instant action's filing date.

As instructed, Petitioner returned to state court and filed an application for leave to seek post-conviction relief. By order entered August 6, 2009, the Mississippi Supreme Court concluded:

> The panel finds that Johnson makes no adequate showing why the testimony of the purported alibi witnesses could not have been secured within three years following the affirmance of his conviction in 2000. The panel therefore finds that the affidavits do not constitute new evidence not reasonably discoverable within

3

> the statute of limitations and that the present application should be dismissed as time barred pursuant to Miss. Code Ann. § 99-39-5(2).

*Johnson v. Mississippi*, No. 2009-M-00817, (Miss. Aug. 6, 2009). On September 14, 2009, Johnson filed a motion for rehearing in the Mississippi Supreme Court. By order entered October 1, 2009, the court found that the "prior order is not subject to rehearing pursuant to M.R.A.P. 27(h) and that the present motion should be dismissed." Respondents' Resp. Exh. D.[1] Petitioner now seeks to reopen his federal habeas petition and supplement said petition [55] with an additional affidavit. Respondents oppose the request.

II. Analysis

    A. Timeliness of Request to Reopen

First, Respondents argue that Johnson's request to reopen his habeas petition, filed November 9, 2009, does not comply with the Court's directive, in that it was submitted more than sixty days after the Mississippi Supreme Court dismissed his application for leave to seek post-conviction relief on August 6, 2009.

Nevertheless, the Court is inclined to reopen Johnson's petition, despite the arguably late request. The sixty-day deadline Respondents rely on was set by the Court's March 31, 2009 order, where the Court commented that "[w]ithin sixty (60) days from completion of the state court proceedings necessary for exhaustion, Petitioner shall be allowed to re-open this matter under this case number and with benefit of the instant action's filing date." This deadline is neither statutory nor jurisdictional. In addition, the Court notes that Johnson did seek to reopen

---

[1] Mississippi Rule of Appellate Procedure 27(h) provides that motions for reconsideration "are generally not allowed."

his petition within sixty days of dismissal of his motion for rehearing by the state court.[2] Johnson's request to reopen this matter is granted.

B. Motion to Supplement

Johnson also seeks to supplement his habeas petition with a fourth new affidavit. This affidavit, dated May 6, 2009, is from Latasha Howard. Howard states that she was with Johnson at the Blue Chip Lounge on July 21, 1997 between the hours of 3:00 a.m. and 5:00 a.m.. Howard explains that she contacted Johnson's attorney several times, but never received a response to her calls. Respondents oppose the request to supplement, but concede that Johnson presented this affidavit to the Mississippi Supreme Court when he returned to present his new evidence in 2009. In the interest of efficiency, the Court will allow Johnson to supplement his petition with Howard's affidavit and will consider it and the other three affidavits, collectively. Johnson's motion to supplement [55] is granted.

C. Ineffective Assistance of Counsel Claim

Now that Johnson has presented the four affidavits to the highest state court, the Court must now revisit this evidence in the context of his ineffective assistance of counsel claim. As stated earlier, the state court found that Johnson had not made a showing why the testimony of the alibi witnesses could not have been secured within the statute of limitations, dismissing the application as time-barred.

As Respondents point out, "[t]he general rule is that the federal habeas court will not consider a claim that the last state court rejected on the basis of an adequate and independent state procedural ground." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (citing *Coleman v.*

---

[2] Although it appears the motion for rehearing was dismissed as untimely.

*Thompson*, 501 U.S. 722, 729-32 (1991); *Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999)). The Fifth Circuit has held that the three-year limitations period set out in Mississippi Code Section 99-39-5(2) is an independent and adequate state procedural bar, *Moore v. Roberts*, 83 F.3d 699, 702 (5th Cir. 1996), and Johnson has not shown that this state procedural rule is not strictly and regularly followed.

However, a federal habeas court can still review the claim if the petitioner can demonstrate (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* (citing *Coleman*, 501 U.S. at 750). Johnson contends that "[f]or this court not to allow [him] to argue his claim (IAC) and prove his actual innocence would surely be a 'fundamental miscarriage of justice.'" Response [60] at 6.[3]

Having reviewed the four affidavits Johnson presents in support of his ineffective assistance of counsel claim, the Court finds that an evidentiary hearing is warranted. The purpose of this hearing is two-fold. First, the Court endeavors to determine if Johnson can overcome the procedural bar, such that federal habeas review is appropriate. If so, the second inquiry is whether Johnson's counsel was ineffective.

---

[3] "A claim of a miscarriage of justice is limited to a claim of 'actual innocence,' which requires the prisoner to establish through new and reliable evidence 'that it was more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Woodfox v. Cain*, --- F.3d ----, 2010 WL 2505580, at *12 (5th Cir. June 21, 2010) (quoting *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir.1999)) (additional quotation omitted); *see also Schlup v. Delo*, 513 U.S. 298, 327(1995).

D.   Appointment of Counsel

Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts, states as follows:

> If an evidentiary hearing is required the judge shall appoint counsel for a petitioner who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g) and the hearing shall be conducted as promptly as practicable, having regard for the need of counsel for both parties for adequate time for investigation and preparation. These rules do not limit the appointment of counsel under 18 U.S.C. § 3006A at any stage of the case if the interest of justice so requires.

Accordingly, the Court finds that Mark Jicka, a member of the CJA habeas panel, should be appointed to represent Petitioner. A separate order will be entered appointing counsel.[4]

III.   Conclusion

In sum, the Court finds that Petitioner's motion to supplement [55] should be granted. The parties are directed to contact Courtroom Deputy Ann Nelson at (601) 965-4418 to schedule a telephonic status conference.

**SO ORDERED AND ADJUDGED** this the 29th day of July, 2010.

                                            s/ *Daniel P. Jordan III*
                                            UNITED STATES DISTRICT JUDGE

---

[4] Once Petitioner's counsel has adequate time to familiarize himself with the petition, the case will be reopened and a hearing date will be set. Counsel is instructed to contact the Courtroom Deputy to set a telephonic status conference to occur no later than October 1, 2010, during which a hearing date will be set.